IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NORMAN LEE AGNEW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-127-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary ruling wherein petitioner lost thirty (30) days previously earned good time credits as punishment.[1]  It appears petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to several Tarrant County convictions and concurrent 15-year sentences assessed December 11, 2017.  *State v. Agnew*, Nos. 1429034D, 1434386D, 1434387D, and1475324D.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner **must**, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas

---

[1]Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding.  *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

application, in response to Question 16 of the form, petitioner acknowledges he is <u>not</u> eligible for release on mandatory supervision.  Review of the online TDCJ Offender Information Detail confirms petitioner's ineligibility as it reflects petitioner was convicted of aggravated assault on May 1, 2008.  Since September 1996, an inmate may not be released to mandatory supervision if the inmate has been previously convicted of a first or second degree felony aggravated assault offense.  *See* Texas Code of Crim. Proc. art. 42.18 § 8(c)(5) (1996); *currently* Texas Gov't Code § 508.149 (a)(7)(2018).  As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus.[2] *See Malchi*, 211 F.3d at 958.  Petitioner's habeas application should be DENIED.


## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner NORMAN LEE AGNEW be DENIED.


## INSTRUCTIONS FOR SERVICE

---

[2] Petitioner may also be ineligible for mandatory supervised release because he is serving a sentence for a conviction of the offense of injury to a child causing bodily injury, however, the Court is unable to determine if the conviction was for a first degree offense. *See* Texas Gov't Code § 508.149 (a)(9)(2018).

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 21, 2018.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).